### UNITED STATES v. DOCKERY.

Cr. No. 38559.

District Court, E. D. New York.

March 11, 1943.

See, also, 49 F.Supp. 907.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Albert V. De Meo, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for plaintiff.

Henry G. Singer, of Brooklyn, N. J., for defendant.

MOSCOWITZ, District Judge.

This is a motion made by the defendant "for an order directing the issuance of interrogatories and cross-interrogatories of one Corp. Eugene C. Shara."

The defendant claims that Shara is a Corporal in the United States Army stationed in Africa and that his testimony is essential to the defendant on trial in this indictment.

No statute has been cited which authorizes the Court to direct the issuance of interrogatories in a criminal case, and there are few reported decisions on this subject. See United States v. Hofmann, D.C., 24 F.Supp. 847. The Court in that case in a well-considered opinion reached the conclusion that a commission issue to permit the defendant to take the depositions of witnesses in a criminal case.

While the question is not free from doubt, it would appear that in the interest of justice it is inherent in the Court in order to prevent injustice to permit a defendant to take testimony of witnesses by depositions outside of the boundaries of the United States, if not contrary to the law of the country in which the testimony is sought and if not in violation of any treaty existing between the United States and that country.

Here there are at least two reasons why the application should be denied; one, the defendant has been guilty of gross laches and two, that the testimony sought is merely collateral.

Defendant seeks to show by the witness Shara that the Government witness Flere had sold a quantity of distilled spirits to Shara. The sale of such distilled spirits by Flere to Shara is not a defense to the charge in the indictment that the defendant sold distilled spirits. The only purpose for which this testimony could be adduced is to prove that Flere is a violator of the law and that he sold distilled spirits illegally.

Motion denied.